**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-20711-CIV-MORENO/D'ANGELO**

**AURELIANO A. ECHEVARRIA**
**and MARIA ECHEVARRIA OCHOA,**

      **Plaintiffs,**

**vs.**

**EXPEDIA GROUP INC. et al.,**

      **Defendants.**

_____/

**<u>ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY</u>**

**THIS CAUSE** is before the Court on Defendants Expedia Group Inc.'s, Expedia Inc.'s, Hotels.com L.P.'s, Hotels.com GP, LLC's, and Orbitz, LLC's Motion to Stay Discovery filed on October 22, 2025 (DE 39).[1]  Plaintiffs Aureliano A. Echevarria and Maria Ochoa filed their response in opposition on November 5, 2025 (DE 41), and Defendants replied on November 12, 2025 (DE 43).  Having considered the Parties' arguments, the relevant legal authorities, and the pertinent portions of the record, and being otherwise fully advised in the premises, for the reasons stated below, Defendants' Motion to Stay Discovery (DE 39) is **DENIED**.

In their Motion, Defendants contend that the Amended Motion to Dismiss is case dispositive by raising "dismissal arguments [that] are meritorious and raise discrete, yet sweeping threshold issues that could resolve the case in one stroke" (DE 39 at 6).  Defendants also suggest that discovery will be incredibly burdensome as Plaintiffs served a total of 400 written discovery requests that "have nothing to do with the merits of any party's claims or defenses" (*id.* at 7).

---

[1] This case was referred to the undersigned Magistrate Judge to take all necessary and proper action as required by law with respect to any and all pretrial matters (DE 31).

1

Defendants also explain that they produced documents in *Echevarria I*, which is factually similar to this case (*id.* at 8-9).  In support of that position, Defendants state they produced "68,000 pages" of documents in *Echevarria I* (DE 43 at 7 n. 5) (emphasis original).  Lastly, Defendants maintain that Plaintiffs will suffer no prejudice, as the Court has not yet issued a scheduling order (DE 39 at 9).  Thus, Defendants ask the Court to "stay all discovery pending resolution of Defendants' Motion to Dismiss (*id.* at 10).  Plaintiffs counter that Defendants have not made a specific showing of undue prejudice or burdensomeness and that Defendants simply do not want to participate in discovery (DE 41 at 5).  Plaintiffs explain that Defendants' Motion to Dismiss is not truly case dispositive, and that Plaintiffs will suffer prejudice by a stay, as much of the discovery is in the exclusive possession of Defendants (*id.* at 6, 9).

"[D]istrict courts [have] broad discretion over the management of pre-trial activities, including discovery and scheduling."  *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) (citation omitted).  "As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs, especially where a dubious claim appears destined for dismissal."  *Cabrera v. Progressive Behav. Sci., Inc.*, 331 F.R.D. 185, 186 (S.D. Fla. 2019) (citation omitted).  "'A stay of discovery pending the determination of a motion to dismiss, however, is the exception rather than the rule.'"  *Caesar-Bishop v. Carnival Corp.*, No. 21-CV-20117, 2022 WL 22887118, at *1 (S.D. Fla. Aug. 2, 2022) (quoting *Cabrera*, 331 F.R.D. at 186).

"Motions to stay discovery 'are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'"  *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1186 (S.D. Fla. 2021) (quoting *Feldman v. Flood*, 176 F.R.D.

651, 652 (M.D. Fla. 1997)).  "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery."  *Feldman*, 176 F.R.D. at 652.  "The party moving for a stay of discovery has 'the burden of showing good cause and reasonableness.'"  *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1186 (S.D. Fla. 2021) (quoting *Feldman*, 176 F.R.D. at 652).

Courts in this District routinely deny motions to stay discovery where it is unclear if a motion to dismiss is truly case dispositive.  *See e.g.*, *Letidas Logistics, LLC v. Citibank, N.A.*, No. 24-CIV-61469, 2024 WL 6468422, at *3 (S.D. Fla. Oct. 21, 2024) (denying a motion to stay discovery as resolving the motion to dismiss "would not necessarily end this case"); *United States ex rel. Olhausen v. Arriva Med., LLC*, No. 19-CIV-20190, 2025 WL 1191019, at *2 (S.D. Fla. Apr. 24, 2025) (same); *Uniq Branch Off. Mexico, S.A. de C.V. v. Steel Media Grp., LLC*, No. 22-CIV-23876, 2023 WL 6534481, at *2 (S.D. Fla. Sept. 19, 2023) (same).  In this case, there is no basis to depart from the reasoning of these courts and apply the exception to the rule—and the Court declines to do so.  After taking a preliminary look at Defendants' Motion to Dismiss, there is no obviously deficient claim "destined for dismissal" such that the entire litigation would almost certainly end.  *See Baja v. Costco Wholesale Corp.*, No. 21-CIV-61210, 2021 WL 12324999, at *1 (S.D. Fla. Sept. 27, 2021) (denying a motion to stay discovery after taking a "preliminary peek" at a pending motion to dismiss).

Moreover, Plaintiffs' arguments that many of the documents have already been produced is compelling.  Defendants emphasize that a prior related case (*Echevarria I*) went to trial, and discovery was therefore completed.  Defendants admit in their reply that if the prior discovery is sufficient, there is no need for a stay (DE 43 at 7).  However, Defendants lament the overbreadth

of Plaintiffs' discovery requests, which can be properly challenged through objections and discovery motion practice, not a stay of all discovery.  Considering the admitted overlap with *Echevarria I*, and that at least a considerable portion of the discovery from that case is likely to be discoverable here, good cause and reasonableness does not counsel in favor of a stay.  Accordingly, Defendants' Motion to Stay Discovery (DE 39) is **DENIED**.

        **DONE and ORDERED** in Chambers in Miami, Florida on this 3rd day of December, 2025.

_____
ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:    All Counsel of Record