**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF FLORIDA**

Case No. 25-cv-20711-FAM

AURELIANO A. ECHEVARRIA and MARIA
OCHOA

v.

EXPEDIA GROUP INC., EXPEDIA, INC.,
HOTELS.COM L.P., HOTELS.COM GP,
LLC, ORBITZ, LLC,

     defendants.

_____/

## <u>MOTION FOR LEAVE TO AMEND COMPLAINT</u>

     Plaintiffs Aureliano A. Echevarria and Maria Ochoa respectfully request the Court grant them leave to file the proposed Second Amended Complaint (the "SAC") attached as **Exhibit 1**. This request responds to the Court's guidance during the December 16, 2025 discovery hearing and will promote efficient resolution of related claims in a single action.

     The proposed SAC: (1) adds additional claims belonging to plaintiffs, including claims previously dismissed without prejudice in another action,[1] so that all related claims may be adjudicated together in this proceeding; (2) clarifies and pleads with greater factual specificity defendants' trafficking conducted through another person or entity, consistent with the statutory definition and the issues identified by the Court during the December 16, 2025 discovery hearing; and (3) refines the pleadings to reflect the scope of liability theories already at issue and to avoid unnecessary disputes concerning the scope of discovery. The proposed amendment is intended to address the pleading concerns identified by the Court so

---

[1] *Mata, et al. v. Expedia, Inc.*, Case No. 19-cv-22529, ECF No. 173 (S.D. Fla.).

1

that discovery may proceed on a clear and appropriate factual record.

The requested amendment is not the result of "undue delay, bad faith or dilatory motive," and there is no "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs' request to file the proposed SAC is appropriate, and leave to amend should be granted.

## BACKGROUND

Plaintiffs commenced this action on February 14, 2025. Defendants filed motions to dismiss, which remain pending. No scheduling order has been entered, so there has been no amendment deadline set by the Court. Discovery is in its earliest stages: no documents have been produced by defendants, and no depositions have been set, much less taken. No trial date has been set.

During the December 16, 2025 discovery hearing, the Court raised questions regarding the scope and clarity of plaintiffs' allegations concerning trafficking conducted through another person or entity, including whether that theory had been pleaded with sufficient factual specificity to support discovery. Plaintiffs now seek leave to amend in direct response to the Court's questions and guidance.

In addition, certain claims belonging to plaintiffs were dismissed without prejudice in a separate action on claim-splitting grounds. *See* attached **Exhibit 2**. Plaintiffs therefore seek leave to include those claims here in order to avoid duplicative litigation and ensure a complete adjudication of all related claims in a single proceeding.

## LEGAL STANDARD

Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice

so requires." Fed. R. Civ. P. 15(a)(2); *accord Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("A district court's discretion to deny leave to amend a complaint is 'severely restricted' by Fed. R. Civ. P. 15, which stresses that courts should freely give leave to amend 'when justice so requires.'") (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) ("'Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'") (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). The Supreme Court has explained:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires.': this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Courts have identified only three circumstances justifying a denial of leave to amend under Rule 15(a): "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

## <u>ARGUMENT</u>

Plaintiffs do not concede that the prior pleading was deficient, but seek amendment

in the interest of clarity and efficiency and in response to the Court's questions and guidance. Leave to amend is appropriate.

*First,* the proposed amendment is not sought for purposes of undue delay, in bad faith, or with any dilatory motive. Instead, the amendment is sought promptly after the December 16, 2025 hearing and before any ruling on defendants' pending motions to dismiss. The timing reflects diligence and responsiveness to the Court's guidance and aims to clarify issues early, not to protract proceedings.

*Second*, the proposed amendment will not unduly prejudice defendants because this case is in an early procedural posture. No answer has been filed, no deadlines have passed, no discovery has been produced by defendants, and no trial date has been set. Allowing amendment now avoids piecemeal litigation, permits focused discovery, and avoids re-litigation of completed phases. Defendants will have full opportunity to respond to the SAC within the ordinary course.

*Third*, the proposed SAC is not futile. Futility exists only if "the complaint as amended is still subject to dismissal. *Owens v. Sec'y, Fla. Dep't of Corr.*, 602 F. App'x 475, 477 (11th Cir. 2015) (emphasis added). Here, the operative complaint has not been dismissed, and the proposed SAC adds factual detail and clarification that plausibly alleges plaintiffs' claims. Granting leave to amend will streamline the litigation, sharpen the issues for discovery and motion practice, and advance the efficient resolution of this action.

## <u>CONCLUSION</u>

For all these good and sufficient reasons, plaintiffs respectfully request that the Court grant them leave to file their Second Amended Complaint.

## Local Rule 7.1 Certification

In accordance with S.D. Fla. L. R. 7.1(a)(3), on January 30, 2026, plaintiffs' counsel

contacted defendants' counsel to confer about the relief sought. Defendants oppose this motion.

Dated: February 2, 2026

Respectfully submitted,

**RIVERO MESTRE LLP**
2525 Ponce de Leon Blvd., Suite 1000
Coral Gables, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: arivero@riveromestre.com
E-mail: jmestre@riveromestre.com
E-mail: amalave@riveromestre.com
E-mail:strujillo@riveromestre.com

By:     s/ Andrés Rivero
ANDRÉS RIVERO
Florida Bar No. 613819
JORGE A. MESTRE
Florida Bar No. 88145
ALAN H. ROLNICK
Florida Bar No. 715085
ANA C. MALAVE
Florida Bar No. 83839
SYLMARIE TRUJILLO
Florida Bar No. 112768

and

**MANUEL VAZQUEZ, P.A.**
2332 Galiano St., Second Floor
Coral Gables, Florida 33134
Telephone: (305) 445-2344
Facsimile: (305) 445-4404
E-mail: mvaz@mvazlaw.com

By:     /s Manuel Vazquez
MANUEL VAZQUEZ
Florida Bar No. 132826

5

## <u>CERTIFICATE OF SERVICE</u>

    I certify that on February 2, 2026, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notice of Electronic Filing generated by CM/ECF.

        s/ Andrés Rivero      
      ANDRÉS RIVERO